UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL M. LUCORE,<br><br>                              Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.; WELLS FARGO BANK, N.A. AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE LMT 2006-9 TRUST; CATAMOUNT PROPERTIES 2018 LLC; and DOES 1 through 50, inclusive,<br><br>                              Defendants. | Case No.: 22-CV-220 TWR (MDD)<br><br>**ORDER (1) GRANTING DEFENDANTS' MOTIONS TO DISMISS, AND (2) DISMISSING WITH PREJUDICE PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT**<br><br>(ECF Nos. 18, 19) |

Presently before the Court are the Motions to Dismiss filed by Defendants Catamount Properties 2018 LLC ("Catamount") ("Catamount Mot.," ECF No. 18) and Wells Fargo Bank, N.A. as Trustee for the Certificateholders of the LMT 2006-9 Trust ("Wells Fargo") ("WF Mot.," ECF No. 19) (together, the "Motions"), in which Defendant Bank of America, N.A. ("BANA") has joined.  (*See* ECF No. 20.)  Also before the Court is Plaintiff Paul M. Lucore's untimely Opposition ("Opp'n," ECF No. 26).[1]  The Court

---

[1] On June 15, 2022, Defendant Catamount filed a "Reply" in support of its Motion noting that Plaintiff had failed to file his Opposition by June 13, 2022, as required under this District's Civil Local Rules.  S.D.

determined that the Motions were for suitable for disposition on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1) and vacated the hearing. (*See* ECF No. 24.) Having carefully considered Plaintiff's First Amended Verified Complaint ("FAVC," ECF No. 13), those facts properly subject to judicial notice,[2] the Parties' arguments, and

---

Cal. CivLR 7.1(e)(1). As noted in Plaintiff's responsive Notice of Intent to Timely File Pleadings, (*see* ECF No. 27), Defendant Catamount's argument reflects a misreading of the Local Rules, which required Plaintiff's Opposition to be filed on or before June 16, 2022, fourteen calendar days before the noticed hearing date of June 30, 2022. *See* S.D. Cal. CivLR 7.1(e)(2). Nonetheless, pursuant to the undersigned's Standing Order for Civil Cases, Mr. Lucore's Opposition was due no later than June 2, 2022, twenty-eight days before the noticed hearing date of June 30, 2022. (*See* Civil Standing Order § III.B.2.) Plaintiff's Opposition therefore is untimely pursuant to the undersigned's Civil Standing Order. Although the Court therefore would be within its discretion to grant Defendants' Motions as unopposed, *see* S.D. Cal. CivLR 7.1(f)(3)(c); Standing Order for Civil Cases § III.A.2, it is the Court's preference to dispose of all matters on the merits.

[2] Both Catamount ("Catamount RJN," ECF No. 18-2) and Wells Fargo ("WF RJN," ECF No. 19-2) filed Requests for Judicial Notice asking the Court to judicially notice certain publicly recorded documents related to the underlying property, including Deeds of Trust, Notices of Default, Notices of Trustee's Sale, and Trustee's Deeds Upon Sale, (*see* Catamount RJN Exs. A–F; WF RJN Exs. A–B, J–K, Q–S), and dockets and filings from prior related litigation. (*See* WF RJN Exs. C–I, L–P, T–U.) Plaintiff objects to both categories of documents.

First, "[w]ith respect to the recorded documents, Plaintiff objects to the admission of the documents via Defendants' Requests for Judicial Notice for the truth of the hearsay statements within" because "[t]here [are] significant . . . and reasonable disputes regarding the accuracy and the truth of the statements within the recorded documents, especially as it relates to the parties' authority and ability to act as described." (*See* Opp'n at 2). The recorded documents are the proper subject of judicial notice as public records, *see, e.g.*, *Willis v. Affinia Default Servs., LLC*, No. 219CV02440ODWSKX, 2019 WL 3841796, at *2 (C.D. Cal. Aug. 15, 2019) (taking judicial notice of recorded Deed of Trust, Notice of Default and Election to Sell Under Deed of Trust, Substitution of Trustee, Notice of Trustee's Sale, and Trustee's Deed Upon Sale); however, the "court cannot take judicial notice of disputed facts contained in such public records." *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (citing *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001)). Consequently, the Court **OVERRULES** Plaintiff's objection to the recorded documents. Nonetheless, the Court does not rely on any of the recorded documents in this Order. Accordingly the Court **DENIES** Catamount's Request for Judicial Notice and **DENIES IN PART** Wells Fargo's Request for Judicial Notice as to Wells Fargo Exhibits A, B, J, K, Q, R, and S.

Second, "with respect to the prior litigation, Plaintiff objects to the piecemeal introduction of out-of-context portions of prior litigation that were not determined to finality re the same claims and parties." (*See* Opp'n at 2.) Plaintiff was free to supplement the record to provide the requisite "context," and Plaintiff's arguments do not countermand the fact that court documents are proper subjects of judicial notice. *See, e.g.*, *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). Instead, Plaintiff's arguments go to the merits of Defendants' res judicata argument. The Court therefore

the relevant law, the Court **GRANTS** the Motions and **DISMISSES WITH PREJUDICE** Plaintiff's First Amended Verified Complaint.

## BACKGROUND

**I.     Plaintiff's Allegations**[3]

"Plaintiff is named as a borrower on a Note dated August 31, 2006 in favor of Sierra Pacific Mortgage Company, Inc. as lender, secured by a deed of trust against 10657 F[e]lix Drive, Santee, CA 92071 ("Property")." (FAVC ¶ 3.1.)  "On April 3, 2009, Plaintiff exercised his right to rescind the mortgage loan by sending notice of his intention to do so, in writing, by mail to the original lender Sierra Pacific Mortgage Company, Inc. . . . because Lucore was not given requisite Truth in Lending [Act ("TILA")] disclosures by the new lender." (*Id.* ¶ 3.3(a).)  On July 5, 2009, Plaintiff sent a similar notice to BANA (together, the "2009 Rescissions"). (*See id.* ¶ 3.3(b).)  He received no response to either letter. (*See id.* ¶¶ 3.3(a)–(b).)

Despite having purportedly rescinded his mortgage, Plaintiff refinanced through BANA on March 2, 2010. (*See id.* ¶ 3.2.)  On July 21, 2010, Plaintiff sent a second rescission notice to BANA (the "2010 Recission") (together with the 2009 Rescissions, the "Rescissions"), which again went unanswered. (*See id.* ¶ 3.3(c).)

Plaintiff's mortgage was assigned to Wells Fargo on November 21, 2013. (*See id.* ¶ 3.6.)  On December 21, 2018, following Plaintiff's default on the loan, (*see id.* ¶¶ 5.4, 5.11, 8.3–4, 9.6), Catamount purchased the Property in a trustee's sale as part of a non-judicial foreclosure. (*See id.* ¶ 3.7.)  The San Diego County Sheriff evicted Plaintiff from the Property on November 18, 2021. (*See id.* ¶ 3.9.)

---

**OVERRULES** Plaintiff's objection to the prior litigation documents.  Because these documents are integral to the Court's res judicata analysis, the Court **GRANTS IN PART** Wells Fargo's Request for Judicial Notice and takes judicial notice of Wells Fargo Exhibits C through I, L through P, T, and U.

[3] For purposes of Defendants' Motions, the facts alleged in Plaintiff's First Amended Verified Complaint are accepted as true. *See Vasquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007) (holding that, in ruling on a motion to dismiss, the Court must "accept all material allegations of fact as true").

## II. Procedural Background

### A. Prior Related Litigation

#### 1. State Court Action

On March 2, 2011, Plaintiff and Steven Lucore filed a lawsuit in the Superior Court of California, County of San Diego, against a number of defendants, including BAC Home Loans Servicing LP (BANA) and Wells Fargo, captioned *Lucore et al. v. ReconTrust Company et al.*, No. 37-2011- 00066216-CU-OR-EC (Cal. Super. filed Mar. 2, 2011) (the "State Court Action"). (*See* WF Ex. C.) In their first amended complaint, the plaintiffs alleged six causes of action for cancellation of void instruments; deceptive business practices – violation of Business & Professions Code 17200; and violations of California Civil Code sections 2923.5, 2924, 2932.5, and 3517. (*See* WF Ex. D.) Plaintiffs generally alleged that "the chain of invalid instruments recorded against their property initiated by the [Notice of Default] followed by the invalid Substitution of Trustee and Assignment of Deed of Trust are all void with no force and affect as they have been executed by entities with no standing, capacity, power or authority." (*See id.* ¶ 18.) There was no mention of the Rescissions. (*See generally id.*)

The court sustained Wells Fargo's demurrer and entered a judgment of dismissal with prejudice on February 17, 2012. (*See* WF Ex. E.)

#### 2. Bankruptcy Action

On November 10, 2011, Plaintiff filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Southern District of California, *In re Lucore*, No. 2011-17605-MM7 (Bankr. S.D. Cal. filed Nov. 10, 2011) (the "Bankruptcy Action"). Plaintiff did not list any claims pertaining to his mortgage or the Rescissions in the schedules. (*See* WF Exs. F, G.) The Honorable Margaret M. Mann granted Plaintiff a Chapter 7 discharge on June 8, 2012. (*See* WF Ex. I.)

#### 3. Prior Federal Action

On October 17, 2018, Plaintiff filed a lawsuit in this District, *Lucore v. Wells Fargo Bank, N.A. as Trustee et al.*, No. 3:18-cv-02382-L-MDD (S.D. Cal. filed Oct. 17, 2018)

(the "Prior Federal Action") against Wells Fargo and the foreclosure trustee for (1) alleged violations of Section 1692f(6) of the Fair Debt Collection Practices Act ("FDCPA"), and (2) cancellation of instruments. (*See* WF Ex. U.) In his original complaint, Plaintiff alleged that he had rescinded his mortgage loan on April 3, 2009. (*See id.* ¶ 11.)

Plaintiff, however, then filed a first amended complaint on November 30, 2018, (*see generally* WF Ex. M), in which he alleged only that he had rescinded the refinanced mortgage loan on July 21, 2010. (*See id.* ¶ 11.) The Honorable M. James Lorenz granted Wells Fargo's motion to dismiss and dismissed with prejudice the Prior Federal Action on June 5, 2019. (*See* WF Ex. O (the "Original Dismissal Order"); *see also* WF Ex. P.) Judge Lorenz concluded that Plaintiff had not alleged timely rescission under TILA because the loan modification did not qualify as a "refinance" that triggered new disclosure requirements. (*See* WF Ex. O at 5–8.)

After discharging his counsel, Plaintiff then filed two motions for reconsideration. In the first, Plaintiff introduced evidence of the 2009 Rescissions. *See generally* Motion to Vacate Order Pursuant to Fed. R. Civ. P. 60(b), *Lucore v. Wells Fargo Bank, N.A.*, No. 3:18-cv-02382-L-MDD (S.D. Cal. filed July 2, 2019), ECF No. 28 (the "First Reconsideration Motion"). Judge Lorenz denied Plaintiff's First Reconsideration Motion on December 19, 2019, concluding that Plaintiff had failed to demonstrate that he could not have presented evidence of the 2009 Rescissions previously. *See generally* Order Denying Plaintiff's Motion for Reconsideration, *Lucore v. Wells Fargo Bank, N.A.*, No. 3:18-cv-02382-L-MDD (S.D. Cal. filed Dec. 19, 2019), ECF No. 35 (the "First Reconsideration Order").

In the second, Plaintiff again urged Judge Lorenz to consider the 2009 Rescissions that his attorney had failed to include in the first amended complaint. *See generally* Motion to Vacate Order Pursuant to Fed. R. Civ. P. 60(b), *Lucore v. Wells Fargo Bank, N.A.*, No. 3:18-cv-02382-L-MDD (S.D. Cal. filed Jan. 21, 2020), ECF No. 37 (the "Second Reconsideration Motion"). On September 10, 2020, Judge Lorenz denied the Second Reconsideration Motion, again finding that Plaintiff's efforts fell "far short of

demonstrating that with due diligence these additional facts could have been provided to the Court earlier." *See generally* Order Denying Plaintiff's Second Motion for Reconsideration, *Lucore v. Wells Fargo Bank, N.A.*, No. 3:18-cv-02382-L-MDD (S.D. Cal. filed Sept. 10, 2020), ECF No. 40 (the "Second Reconsideration Order").

Plaintiff appealed to the Ninth Circuit on October 9, 2020. (*See* WF Ex. L.) The Ninth Circuit affirmed on the grounds that Plaintiff had waived any challenges to the Second Reconsideration Order and that his appeal was untimely as to the Original Dismissal and First Reconsideration Orders. (*See* WF Ex. T.)

### B. The Instant Action

Plaintiff initiated this action on December 2, 2021, by filing his Verified Complaint against Defendants in the Superior Court of California, County of San Diego. (*See generally* ECF No. 1-2.) He asserted five causes of action for (1) wrongful foreclosure; (2) declaratory relief; (3) quiet title; (4) cancellation of instruments; and (5) violation of California's Unfair Competition Law ("UCL"), California Business & Professions Code § 17200. (*See generally id.*) Wells Fargo removed to this Court on the basis of diversity jurisdiction on February 17, 2022, (*see generally* ECF No. 1), and moved to dismiss Plaintiff's Verified Complaint on February 25, 2022. (*See* ECF No. 6.) Both BANA and Catamount joined in Wells Fargo's original motion for dismissal. (*See* ECF Nos. 9, 11, respectively.)

Plaintiff filed the operative First Amended Verified Complaint on March 28, 2022, (*see generally* ECF No. 13), which asserts the same five causes of action as his original Verified Complaint. (*Compare* ECF No. 1-2, *with* ECF No. 13.) The Court therefore denied as moot Wells Fargo's original motion to dismiss. (*See* ECF No. 15.) The instant Motions followed on April 25, 2022. (*See generally* ECF Nos. 18, 19.)

## LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro*

*v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).  "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Id.* at 1242 (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In other words, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)).

Federal "Rule [of Civil Procedure] 9(b) requires that, when fraud is alleged, 'a party must state with particularity the circumstances constituting fraud.'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting Fed. R. Civ. P. 9(b)).  "Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Id.* (alteration in original) (internal

quotation mark omitted) (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)). "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Id.* (internal quotation marks omitted) (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)).

"If a complaint is dismissed for failure to state a claim, leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). "A district court does not err in denying leave to amend where the amendment would be futile." *Id.* (citing *Reddy v. Litton Indus.*, 912 F.2d 291, 296 (9th Cir. 1990), *cert. denied*, 502 U.S. 921 (1991)).

## ANALYSIS

Defendants contend that the current action as a whole is barred by the State Court and Prior Federal Actions.[4] (*See* Catamount Mot. at 3–4; WF Mem. at 6–10.) "Federal law and California state law apply the same three elements to determine whether claim

---

[4] The Parties' arguments refer generally to "res judicata." The California Supreme Court has noted that it "frequently used 'res judicata' as an umbrella term encompassing both claim preclusion and issue preclusion, which [it] described as two separate 'aspects' of an overarching doctrine." *See DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 823–24 (2015) (citing *Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 797 (2010); *Teitelbaum Furs, Inc. v. Dominion*, 58 Cal. 2d 601, 604 (1962)). But "[i]t is important to distinguish these two types of preclusion because they have different requirements." *See id.* at 824. "*Claim preclusion* 'prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them.'" *Id.* (emphasis in original) (quoting *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 813, 896 (2015)). On the other hand, "*[i]ssue preclusion* prohibits the relitigation of issues argued and decided in a previous case, even if the second suit raises different causes of action." *See id.* (emphasis in original) (quoting *Mycogen*, 28 Cal. 4th at 896). Because the Parties discuss the elements of claim preclusion here, *compare id.* at 824, (*with* Catamount Mot. at 4; *and* ECF No. 19-1 ("WF Mem.") at 6; *and* Opp'n at 12), the Court will use that term to avoid confusion.

The Court notes that Defendants make additional arguments that also have merit, such as that Plaintiff's rescission and quiet title claims are time-barred, (*see* Catamount Mot. at 6–7; WF Mem. at 15–17), and this action is barred by judicial estoppel based on Plaintiff's failure to disclose any claims related to the Rescissions in his Chapter 7 bankruptcy schedules. (*See* WF Mem. at 10–14.) In light of the Court's conclusion that Plaintiff's First Amended Verified Complaint is barred by claim preclusion, however, the Court does not reach these additional bases for dismissal.

preclusion applies: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'" *Rosenblum v. U.S. Bank, N.A.*, 822 F. App'x 621, 622 (9th Cir. 2020) (quoting *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003)) (citing *Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 797 (2010)); *accord Horton v. JPMorgan Chase Bank, N.A.*, No. 15-CV-05322-WHO, 2016 WL 1139004, at *3 (N.D. Cal. Mar. 23, 2016) (citing *Boeken*, 48 Cal. 4th at 797). Plaintiff disputes the first and third elements. (*See* Opp'n at 12–15.)

I.  **Identity of Claims**

   A.  *Applicable Law*

Although California and federal claim preclusion law both apply the same three elements, the tests under each for assessing the identity of claims differ materially. Moreover, the Parties are in disagreement, with Defendants applying California law, (*see* Catamount Mot. at 4 (quoting *Nordhorn v. Ladish Co., Inc.*, 9 F.3d 1402, 1405 (9th Cir. 1993)); WF Mem. at 6 (quoting *Hong Sang Mkt., Inc. v. Peng*, 20 Cal. App. 5th 474, 489 (2018))), and Plaintiff applying federal law. (*See* Opp'n at 12 (quoting *United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1150 (9th Cir. 2011)).) The Court therefore must first determine whether to apply federal or California claim preclusion law.

Wells Fargo is the only Party that explained its choice of law: "Since state substantive law is at issue in diversity cases, state law is applied in evaluating res judicata." (WF Mem. at 6 n.2 (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001)).) Wells Fargo is correct that, "[i]n a diversity of citizenship action, a federal court applies the preclusion rules of the state in which it sits." *S. Cal. Stroke Rehab. Assocs., Inc., v. Nautilus, Inc.*, 782 F. Supp. 2d 1096, 1104 (S.D. Cal. 2011) (citing *Taylor v. Sturgell*, 553 U.S. 880, 891 n.4 (2008); *Semtek*, 531 U.S. at 508–09). Accordingly, "[f]ederal courts must apply state law res judicata and collateral estoppel rules when a state court rendered the prior underlying judgment." *Shack v. NBC Universal Media, LLC*, 467 F. Supp. 3d 885, 890 n.2 (C.D. Cal.) (citing *Holcombe v. Hosmer*, 477 F.3d 1094, 1097

9

1  (9th Cir. 2007); *Migra v. Warren City School Dist. Bd. of Education*, 465 U.S. 75 (1984)),
2  *appeal dismissed*, No. 20-55921, 2020 WL 9936900 (9th Cir. Sept. 17, 2020), *cert. denied*,
3  141 S. Ct. 2699, *reh'g denied*, 141 S. Ct. 2887 (2021); *see also Rodriguez v. City of San*
4  *Jose*, 930 F.3d 1123, 1130 (9th Cir. 2019).  The Court therefore applies California law to
5  determine the preclusive effect of the State Court Action.

But the analysis does not end there.  The Ninth Circuit has concluded that "California law . . . determines the res judicata effect of a prior [federal question] federal court judgment by applying federal standards." *See Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982); *but cf. S. Cal. Stroke Rehab. Assocs., Inc.*, 782 F. Supp. 2d at 1105 (collecting cases).  Because the Prior Federal Action was brought in this District based on federal question jurisdiction, (*see* WF Ex. L; *see also generally* WF Ex. M, U), under California law as interpreted by the Ninth Circuit, the Court must apply federal common law to determine the preclusive effect of the underlying Prior Federal Action.

### B.  State Court Action

"To determine whether two proceedings involve identical causes of action for purposes of claim preclusion, California courts have consistently applied the primary rights theory." *Boeken*, 48 Cal. 4th at 797 (internal quotation marks omitted) (quoting *Slater v. Blackwood*, 15 Cal. 3d 791, 795 (1975)).  "Under this theory, '[a] cause of action . . . arises out of an antecedent primary right and corresponding duty and the delict or breach of such primary right and duty by the person on whom the duty rests.'" *Id.* at 497–98 (alterations in original) (quoting *McKee v. Dodd*, 152 Cal. 637, 641 (1908)).  In other words, "for purposes of applying the doctrine of res judicata, the phrase 'cause of action' . . . [means] the right to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory (common law or statutory) advanced." *See id.* at 498 (quoting *Bay Cities Paving & Grading, Inc. v. Lawyers' Mutual Ins. Co.*, 5 Cal. 4th 854, 860 (1993)).  "Thus, under the primary rights theory, the determinative factor is the harm suffered." *Id.* "Moreover, California, as most states, recognizes that the doctrine of res judicata will bar not only claims actually litigated in a prior proceeding, but also claims that could have been

1  litigated." *Palomar Mobilehome Park Ass'n v. City of San Marcos*, 989 F.2d 362, 364 (9th
2  Cir. 1993) (first citing *Busick v. Workmen's Compensation Appeals Bd.*, 7 Cal. 3d 967, 975
3  (1972); then citing *Jama Const. v. City of L.A.*, 938 F.2d 1045, 1047 n.1 (9th Cir. 1991),
4  *cert. denied*, 503 U.S. 919 (1992)).

      The question, therefore, is whether Plaintiff claims to have suffered the same harm in both the State Court Action and the instant action. The Court concludes that he does. In both actions, Plaintiff alleges that Wells Fargo initiated unlawful non-judicial foreclosure proceedings. (*Compare* FAVC, *with* WF Ex. D.) "In California, a wrongful foreclosure constitutes an injury to a single primary right, regardless of the legal theory challenging the foreclosure." *Lomeli v. JPMorgan Chase Bank, N.A.*, No. CV-15-04022-MWF-PJWX, 2015 WL 12746210, at *5 (C.D. Cal. Oct. 5, 2015) (first citing *Prado v. Quality Loan Serv. Corp.*, No. C-13-4536, 2014 WL 46634, at *1 (N.D. Cal. Jan. 6, 2014); the citing *Le v. Bank of Am., NA*, 585 F. App'x 362 (9th Cir. 2014); finally citing *Zinni v. Jackson White, PC*, 565 F. App'x 613, 616–17 (9th Cir.), *cert. denied*, 135 S. Ct. 711 (2014)).

      Plaintiff attempts to avoid this conclusion by arguing that "the instant case **concerned different claims . . . surrounding new foreclosure documents recorded in 2018, after dismissal of the 2011 Lawsuit.**" (*See* Opp'n at 13 (emphasis in original).) For purposes of the primary right inquiry, however, "[i]t matters not that [Plaintiff] has a new theory of wrongful foreclosure." *See Gillies v. JPMorgan Chase Bank, N.A.*, 7 Cal. App. 5th 907, 914 (2017). As in a prior case filed in this District by one of Plaintiff's relatives, Plaintiff's initial lawsuit alleging that the Notice of Default was void because of a subsequent assignment or substitution of the trustee bars his subsequent lawsuit alleging an unlawful sale because his mortgage had been rescinded. *See Lucore v. US Bank, NA*, No. 15-CV-2246 JLS (MDD), 2018 WL 1101100, at *3–7 (S.D. Cal. Feb. 26, 2018). That Plaintiff alleges a new legal theory does not change the fact that he is still litigating the same primary right. *See id.* at *7.

/ / /

It is also immaterial for purposes of the primary right inquiry that the current lawsuit is based on "successive factual developments,"[5] (*cf.* Opp'n at 14), because "[c]laim preclusion applies to all actionable facts that could have been discovered with diligence during the prior proceeding." *See Turner v. Bank of N.Y. Mellon*, No. 19-CV-00993-LHK, 2019 WL 4040139, at *5 (N.D. Cal. Aug. 26, 2019) (quoting *Janson v. Deutsche Bank Nat'l Tr. Co.*, No. 14-CV-05639 JSC, 2015 WL 1250092, at *7 (N.D. Cal. Mar. 18, 2015) (citing *Allied Fire Prot. v. Diede Constr., Inc.*, 127 Cal. App. 4th 150, 156 (2005)), *aff'd*, 682 F. App'x 576 (9th Cir. 2017)), *aff'd*, 834 F. App'x 390 (9th Cir. 2021); *see also Grieves v. MTC Fin. Inc.*, No. 17-CV-01981-LHK, 2017 WL 3142179, at *11 (N.D. Cal. July 25, 2017) ("Indeed, the same 'primary right' is at stake in both this action and the [prior] Action even though [the plaintiff] raises in the FAC allegations regarding foreclosure documents that were not in existence at the time of the [prior] Action, such as the April 23, 2015 Notice of Default."). Because Plaintiff alleges that he rescinded his loan in 2009 and 2010, he could have asserted his TILA rescission theory of wrongful foreclosure in the 2011 State Court Action. *See, e.g.*, *Lucore*, 2018 WL 1101100, at *7 (finding subsequent TILA rescission suit barred when rescission could have been alleged in prior state court wrongful foreclosure cases); *see also Gillies*, 7 Cal. App. 5th at 914–15 (concluding that lawsuit based on 2015 Notice of Default was barred by three prior lawsuits concerning Notices of Default recorded in 2009, 2011, and 2012). That Plaintiff failed to assert the claim previously does not permit Plaintiff to file yet another separate action to do so now.

"In short, although he presents new legal theories in federal court and focuses on facts that were not at issue in his earlier complaint, Plaintiff's present claims are still based on the alleged wrongful foreclosure—the same injury to the same primary right as in his

---

[5] For example, the State Court Action was brought based on a November 5, 2010 Notice of Default, (*see* WF Ex. D ¶ 48), whereas the Prior Federal Action and the instant action are based on a subsequent Notice of Default filed June 18, 2018, (*see, e.g.*, WF Ex. M ¶ 25). Additionally, the instant action, unlike the State Court and Prior Federal Actions, was brought after the sale of the Property at the Trustee's Sale to Catamount on December 21, 2018. (*See* FAVC ¶ 3.7.)

state court action." *See Janson*, 2015 WL 1250092, at *8 (citing *Prado*, 2014 WL 46634, at *1. Accordingly, the instant action and State Court Action assert an identical cause of action for purposes of claim preclusion.

### C. Prior Federal Action

Under federal common law, "[t]he central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts." *See Seymour*, 2020 WL 804456, at *4 (quoting *Owens*, 244 F.3d at 714). "The Court must also consider: '(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.'" *Id.* (quoting *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1052 (9th Cir. 2005) (quoting *Costantini*, 681 F.2d at 1201–02)).

"In most cases, the inquiry into the same transactional nucleus of facts is essentially the same as whether the claim could have been brought in the first action." *Id.* at *5 (internal quotation marks omitted) (quoting *United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1151 (9th Cir. 2011)). "A plaintiff need not bring every possible claim. But where claims arise from the same factual circumstances, a plaintiff must bring all related claims together or forfeit the opportunity to bring any omitted claim in a subsequent proceeding." *Id.* (quoting *Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 918 (9th Cir. 2012)). "Newly articulated claims based on the same nucleus of facts may still be subject to a [claim preclusion] finding if the claims could have been brought in the earlier action." *Id.* (alteration in original) (quoting *Tahoe-Sierra*, 322 F.3d at 1078) (citing *United States ex rel. Barajas v. Northrup Corp.*, 147 F.3d 905, 909 (9th Cir. 1998)).

Here, not only could Plaintiff have asserted the claims he asserts in the instant action in the Prior Federal Action, but he actually did so: "Both complaints stem from the

purported rescission" of Plaintiffs' mortgage. *See Seymour*, 2020 WL 804456, at *5. Plaintiff alleged the 2009 Rescissions in his original complaint in the Prior Federal Action, (*see* WF Ex. U ¶ 11), and he alleged his purported 2010 Rescission in his first amended complaint in the Prior Federal Action. (*See* WF Ex. M ¶ 11.) These are the same facts on which Plaintiff's current claims hinge. (*See* FAVC ¶¶ 3.3(a)–(c).) Because both the instant lawsuit and the Prior Federal Action arise from the same transactional nucleus of fact, there is an identity of claims under federal law for claim preclusive purposes.

## II. Privity Between Parties

"In federal and California courts, privity exists when the party involved is 'so identified in interest with another that he represents the same legal right.'" *Horton*, 2016 WL 1139004, at *4 (quoting *Zaragosa v. Craven*, 33 Cal. 2d 315, 318 (1949)) (citing *Tahoe-Sierra*, 322 F.3d at 1081). Plaintiff does not dispute that Wells Fargo was a defendant to both the State Court and Prior Federal Actions, (*see* Opp'n at 15; *see also* WF Mem. at 9 (citing WF Ex. D; WF Ex. M; FAVC ¶ 3.6)); accordingly, the Court assess privity only as to Catamount and BANA.

"The concept of privity for the purposes of res judicata or collateral estoppel refers to a mutual or successive relationship to the same rights of property, or to such an identification in interest of one person with another as to represent the same legal rights." *Citizens for Open Access to Sand & Tide, Inc. v. Seadrift Ass'n*, 60 Cal. App. 4th 1053, 1069 (1998) (internal quotation marks omitted); *see also Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.*, 298 F.3d 1137, 1142 n.3 (9th Cir. 2002) ("Privity between parties exists when a party is 'so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved.'" (quoting *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997))). "[M]ore recently, [it has also referred] to a relationship between the party to be estopped and the unsuccessful party in the prior litigation which is sufficiently close so as to justify application of the doctrine of collateral estoppel." *See id.* at 1069–70 (internal quotation marks omitted).

///

Here, Plaintiff alleges that BANA was the "lender" when he modified his mortgage on March 2, 2010, (see FAVC ¶¶ 3.2, 6.3), and that Catamount was the buyer of the Property at the Trustee's Sale. (See id. ¶ 3.7.) Under both California and federal law, "[i]n the context of home foreclosures, . . . successors-in-interest . . . , assignees . . . , trustee[s] under the [deed of trust] . . . [,] employees" of such entities, and third-party purchasers are "in sufficient privity . . . to invoke claim preclusion." See Lomeli v. JPMorgan Chase Bank, N.A., No. CV1504022MWFPJWX, 2015 WL 12746210, at *6–7 (C.D. Cal. Oct. 5, 2015); see also Horton, 2016 WL 1139004, at *4 (finding "sufficient identity of interest between the defendants[, including original beneficiary and subsequent assignee of deed of trust and servicer of loan,] to establish privity" (first citing Lee v. Thornburg Mortg. Home Loans Inc., No. 14-cv-00602-NC, 2014 WL 4953966, at *6 (N.D. Cal. Sept. 29, 2014); then citing Sepehry-Fard v. Select Portfolio Servicing, Inc., No. 14-cv-05142-LHK, 2015 WL 1063070, at *5 (N.D. Cal. Mar. 10, 2015)). The Court therefore concludes that Catamount and BANA are in privity with Wells Fargo for purposes of claim preclusion as to the State Court Action.

### III.  Conclusion

Ultimately, what matters is that Plaintiff could have asserted his TILA rescission theory of wrongful foreclosure in the State Court Action but failed to do so. See, e.g., Lucore, 2018 WL 1101100, at *7. He also already asserted his TILA rescission theory in this Court in the Prior Federal Action. See Seymour, 2020 WL 804456, at *5. The State Court and Prior Federal Court Actions' "adverse final judgments [are not] mere suggestions which allow [Plaintiff] to perpetually file new lawsuits on new theories." See Gillies, 7 Cal. App. 5th at 915. The Court therefore concludes that Plaintiff's wrongful foreclosure claim and derivative declaratory relief, quiet title, cancellation of instruments, and UCL claims are barred by claim preclusion. See Tobin v. Nationstar Mortg., Inc., No. 216CV00836CASASX, 2016 WL 1948786, at *6 (C.D. Cal. May 2, 2016) (dismissing claims for "(1) wrongful foreclosure, (2) breach of the covenant of good faith and faith dealing, (3) equitable estoppel, and (4) violations of California Bus. & Prof. Code § 17200"

where they "all seek to redress the same primary right as that addressed in the State Action" (citing *Mendaros v. JPMorgan Chase Bank, N.A.*, No. 14-cv-01260-JST, 2014 WL 3373447, at *4 (N.D. Cal. Jul. 9, 2014); *Thomas v. Bank of Am., N.A.*, No. 12CV2475-GPC (WMC), 2013 WL 3992999, at *6 (S.D. Cal. Aug. 5, 2013))).

Because amendment would be futile, the Court **GRANTS** Defendants' Motions and **DISMISSES WITH PREJUDICE** Plaintiff's First Amended Verified Complaint.[6] *See, e.g.*, *Turner*, 2019 WL 4040139, at *2 (dismissing with prejudice complaint alleging eleven causes of action, including causes of action for wrongful foreclosure, quiet title, and cancellation of instruments on claim preclusion grounds); *Lomeli*, 2015 WL 12746210, at *3, *7 (dismissing with prejudice all claims—including causes of action under TILA and eleven state law claims—as barred by claim preclusion).

/ / /

/ / /

---

[6] Wells Fargo suggests in its Motion that "Plaintiff's counsel['s] . . . deceptive litigation tactics border on Rule 11 violations." (*See* ECF No. 19-1 ("WF Mem.") at 1.) The Court agrees that Plaintiff's First Amended Verified Complaint verges on frivolity. Although the Court might otherwise be inclined to pursue the matter, the Court notes that the State Bar of California ordered that Mr. Marshall be placed on inactive enrollment and recommended him for disbarment for violations of California Business and Professions Code sections 6068(b) and (o)(3) in the case *Federal Trade Commission v. Kutzner*, No. 8:16-cv-00999-BRO (AFMx) (C.D. Cal. filed May 31, 2016). *See generally* Decision and Order of Involuntary Active Enrollment, *In re Marshall*, Nos. SBC-21-O-30599 & SBC-21-O-30796-DGS (Cal. Bar Ct. filed July 7, 2022) [hereinafter "Bar Decision"]; *see also* Attorney Profile for Charles Thomas Marshall #176091, The State Bar of California, https://apps.calbar.ca.gov/attorney/Licensee/Detail/176091 (reflecting "[n]ot eligible to practice law in CA" as of July 10, 2022, because "ordered inactive [per] 21-O-30599").

The Court notes that the FTC in *Kutzner* alleged that the defendants—including Mr. Marshall and law firms with which he was affiliated—committed "numerous violations of law . . . , including lying to consumers, taking prohibited advance fees, and failing to provide certain required disclosures to consumers in connection with the marketing, sale, and performance of mortgage assistance relief services." *See* Bar Decision at 5. The district court granted summary judgment against Mr. Marshall, *see generally FTC v. Kutzner*, No. SACV1600999BROAFMX, 2017 WL 4685286 (C.D. Cal. Sept. 5, 2017), and issued a permanent injunction restraining Mr. Marshall from, among other things, "advertising, marketing, promoting, offering for sale, or selling, or assisting others in the advertising, marketing, promoting, offering for sale, or selling, of any secured or unsecured debt relief product or service." *See FTC v. Kutzner*, No. SACV1600999BROAFMX, 2017 WL 4685065, at *4 (C.D. Cal. Sept. 21, 2017). The Ninth Circuit affirmed. *See FTC v. Marshall*, 781 F. App'x 599 (9th Cir. 2019).

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendants' Motions to Dismiss (ECF Nos. 18, 19) and **DISMISSES WITH PREJUDICE** Plaintiff's First Amended Verified Complaint. The Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: September 12, 2022

_____
Honorable Todd W. Robinson
United States District Judge