1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                  SOUTHERN DISTRICT OF CALIFORNIA
10

11 | PAUL M. LUCORE,                           | Case No.:  22-CV-220 TWR (MDD)
12 |                              Plaintiff,   | **ORDER (1) DENYING WITHOUT
13 | v.                                        | PREJUDICE CATAMOUNT'S *EX
14 | BANK OF AMERICA, N.A.; WELLS              | PARTE* APPLICATION FOR ORDER
15 | FARGO BANK, N.A. AS TRUSTEE               | TO EXPUNGE NOTICE OF INTENT
16 | FOR THE CERTIFICATEHOLDERS OF             | TO PRESERVE INTEREST,
17 | THE LMT 2006-9 TRUST;                     | (2) GRANTING CATAMOUNT'S *EX
18 | CATAMOUNT PROPERTIES 2018                 | PARTE* APPLICATION FOR AN
19 | LLC; and DOES 1 through 50, inclusive,    | ORDER SHORTENING TIME, AND
20 |                              Defendants.  | (3) FOR CATAMOUNT TO SHOW
   |                                           | CAUSE**
   |                                           |
   |                                           | (ECF Nos. 32, 33)

21        Presently before the Court are the Motion to Expunge Notice of Intent to Preserve

22 Interest ("Mot.," ECF No. 32), which is noticed for a hearing on December 1, 2022, and

23 *Ex Parte* Application for Leave to Request Order and for Order to Expunge Notice of Intent

24 to Preserve Interest or, in the Alternative, for Order Shortening Time to Hear the Motion

25 ("*Ex Parte* App.," ECF No. 33), which was unilaterally noticed for a hearing on

26 October 21, 2022, filed by Defendant Catamount Properties 2018 LLC ("Catamount").  In

27 short, Catamount asks the Court to expunge a Notice of Intent to Preserve Interest (the

28 "Notice of Intent") regarding the real property located at 10657 Felix Drive, Santee, CA

                                        1

92071 (the "Property") that Plaintiff Paul M. Lucore recorded on October 6, 2022, pursuant to the Marketable Record Title Act, California Civil Code §§ 880.020–887.090 because escrow on Catamount's sale of the Property to a third-party purchaser is scheduled to close on October 21, 2022.  Although the Court attempted to set a hearing on the *Ex Parte* Application for October 21, 2022, at 3:00 p.m., Plaintiff understandably informed the Court that he could not be prepared to argue his position on such short notice.

In light of the Court's September 12, 2022 Order (1) Granting Defendants' Motions to Dismiss, and (2) Dismissing with Prejudice Plaintiff's First Amended Complaint, the Court has little doubt that Plaintiff did not act in good faith when he recorded his Notice of Intent through Steven H. Lucore, Sr. on October 6, 2022.[1]  (*See generally* ECF No. 33-2 at 8–30.)  Nonetheless, the Court harbors reservations regarding its jurisdiction over this matter and the propriety of *ex parte* relief given that Catamount has failed to demonstrate that it will be irreparably prejudiced absent *ex parte* relief given that the harm it claims it will suffer—namely, increased costs and a possible lower purchase price for the Property, (*see* ECF No. 33-2 ("Crandall Decl.") ¶ 11)—appears to be redressable through monetary damages.  *Cf. Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995) ("[T]o justify ex parte relief . . . , the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures.").

The Court therefore **DENIES WITHOUT PREJUDICE** Catamount's *Ex Parte* Application; however, given the time-sensitive nature of Catamount's Motion, the Court **GRANTS** Catamount's alternative request to shorten time.  Accordingly, should Catamount determine that it is appropriate to pursue this matter in this Court rather than

---

[1] A search for the last name Lucore yields no results through the State Bar of California's Attorney Search.  *See* https://apps.calbar.ca.gov/attorney/LicenseeSearch/QuickSearch?FreeText=lucore&SoundsLike= false.  The Court is concerned to the extent that Plaintiff is being "represented" by non-attorney Steven H. Lucore, Sr., who has called chambers several times on Plaintiff's behalf and appears to be the owner of the telephone number and email address through which opposing counsel has contacted Plaintiff.  (*See* ECF No. 32-1 ("Turner Decl.") ¶ 3 & Ex. 1.)

before the Superior Court, Catamount **SHALL FILE** a notice to that effect <u>on or before October 21, 2022</u>; Plaintiff **SHALL FILE** an opposition to Catamount's Motion <u>on or before October 28, 2022</u>; and Catamount **SHALL FILE** a reply in support of its Motion <u>on or before November 4, 2022</u>. The Court notes that, although reply briefs are generally optional, should Catamount pursue this matter in this forum, the Court will **ORDER** Catamount to file a reply brief **TO SHOW CAUSE** why this Court has subject-matter jurisdiction. Catamount also should address any mandatory authorities supporting this Court's authority to grant it the relief it seeks, *i.e.*, expungement of Plaintiff's Notice of Intent. Upon review of the Parties' submissions, the Court will determine whether it is necessary to set the Motion for a hearing or whether disposition on the papers without oral argument is appropriate pursuant to Civil Local Rule 7.1(d)(1).

     **IT IS SO ORDERED.**

Dated:  October 20, 2022

Honorable Todd W. Robinson
United States District Judge